1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC KITAZI,<br><br>                Plaintiff,<br><br>    v.<br><br>SELLEN CONSTRUCTION COMPANY, INC. a corporation; ROBERT P. MCCLESKY director, in his individual and corporate capacities and on behalf of his marital community, JANE DOE MCCLESKY; KATE HARKESS, individually and in her official capacity; and KEN KNUDSEN, individually and in his official supervisory capacities,<br><br>                Defendants. | CASE NO. C16-1651-MJP<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |

       THIS MATTER comes before the Court on Defendants' Motions for Summary Judgment and Motions to Strike. (Dkt. Nos. 32, 35.) Having considered the Parties' briefing and all related papers, the Court GRANTS Defendants' Motions to Strike; DENIES Defendant Sellen

Construction Company's Motion for Summary Judgment; and GRANTS Defendants Kate Harkess and Ken Knudsen's Motion for Summary Judgment.

**Background**

Plaintiff Eric Kitazi brings this employment discrimination action against Sellen Construction Company, Inc. ("Sellen"), its Director of Human Resources Kate Harkess ("Harkess"), and its Superintendent of Cement Masons Ken Knudsen ("Knudsen") (collectively, "Defendants") on the basis of race and national origin. (Dkt. Nos. 1, 17.)

Plaintiff, a Kenyan national, worked at Sellen from 2008-2010 and from January-November 2014. (Dkt. No. 17 at 2.) Plaintiff alleges that he was discriminated against by co-workers and supervisors who subjected him to harassment and demeaning remarks on the job. (Id. at 5-8.)

Plaintiff alleges that in September 2014, shortly after the Ebola outbreak in West Africa, an unknown worker yelled "Ebola!" inciting laughter from other workers on the jobsite. (Dkt. No. 37 at 4-5.) On another occasion, Plaintiff alleges a worker stated he was "keeping the rapists out," which Plaintiff perceived as a racial stereotype. (Id. at 5.) On another occasion, a worker called Plaintiff "monkey butter," which he perceived as a racial slur. (Id.) Plaintiff alleges that he was repeatedly stared at, followed, regarded with suspicion, threatened and yelled at by other workers. (Id. at 6, 10-13.) Plaintiff alleges that his foreman treated white workers with more respect, encouraged other workers to follow and harass him, and refused to communicate with him about details of the job. (Id. at 9, 11-12.) Plaintiff alleges that other workers noticed his disparate treatment and told him, "I see how they treat you different." (Id. at 4). Plaintiff alleges he complained to supervisors and foremen about being followed and physically threatened on the jobsite, and on one occasion he complained formally to Defendant Harkess. (Id. at 6, 10, 12-13.)

1  Plaintiff alleges he reported instances of being followed and stared at to Defendant Knudsen on
2  November 19, 2014 and to another supervisor and foreman on November 24, 2014.  (Id. at 12-
3  13.)  Plaintiff alleges he was terminated the following day, on November 25, 2014.  (Id. at 13.)

Plaintiff's amended complaint asserts a variety of causes of action under state and federal law relating to the alleged employment discrimination.  (See Dkt. No. 17.)  Plaintiff voluntarily has abandoned several of those claims, and only his only remaining claims are for employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the Washington Law Against Discrimination; retaliation; and hostile working environment.  (See Dkt. No. 37 at 2.)

Defendants argue that Plaintiff's complaints to management alluded only vaguely to racial tension and differential treatment, and that Plaintiff did not provide any details that could be investigated.  (Dkt. No. 32 at 18.)  Defendants allege that Plaintiff was laid off due to a reduction in work for cement masons between November-December 2014.  (Id. at 19; Dkt. No. 41 at 7.)

Defendant Sellen (Dkt. No. 32) and Defendants Harkess and Knudsen (Dkt. No. 35) now move for summary judgment as to each of Plaintiff's claims.  Plaintiff opposes Defendant Sellen's Motion, but has not substantively opposed Defendants Harkess and Knudsen's Motion.  (See Dkt. No. 37.)

**Discussion**

I. **Legal Standards**

   A. **Summary Judgment**

Summary judgment is proper where "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue

of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In assessing whether a party has met its burden, the underlying evidence must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Ninth Circuit and Washington courts impose a high standard for granting summary judgment in employment discrimination cases. The Ninth Circuit has stated that "very little evidence" is required to survive summary judgment because "the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by the factfinder, upon a full record." Schnidrig v. Columbia Mach., Inc., 80 F.3d 1406, 1410 (9th Cir. 1996) (internal quotation marks and citation omitted). Washington courts have stated that summary judgment "should rarely be granted in employment discrimination cases." See, e.g., Sangster v. Albertson's, Inc., 99 Wn. App. 156, 160 (2000) (citation omitted).

## II. Defendants' Motion to Strike

Defendants move to strike Exhibit B-1, submitted by Plaintiff in response to Defendants' Motions for Summary Judgment. (Dkt. No. 40 at 2; Dkt. No. 41 at 2-4.) Defendants assert that Exhibit B-1 is unauthenticated and unsigned, and contains factual assertions and legal argument in excess of the Court's page limits. (Id.)

"A trial court can only consider admissible evidence in ruling on a motion for summary judgment." Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). "Authentication is a condition precedent to admissibility, and this condition is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Id. (citing Fed. R. Evid. 901(a)) (internal quotation marks omitted). Additionally, Local Rule 7 provides that an opposition to a motion for summary judgment shall not exceed 24 pages, and that the court may refuse to consider any text which is not included within these page limits. LCR 7(e)(3), (6).

Exhibit B-1 is a 65-page chart listing Plaintiff's disagreements with the facts and arguments in Defendants' Motions. First, although Plaintiff essentially uses the exhibit as a sworn declaration to make factual assertions, it is not signed by a party or witness under penalty of perjury, and is therefore inadmissible. See Curtis v. Illumination Arts, Inc., No. C12-991JLR, 2013 WL 6173799, at *10 (W.D. Wash. Nov. 21, 2013) (striking unsigned declaration and refusing to consider it on summary judgment); Coleman-Askew v. King County, No. C15-994MJP, 2016 WL 4399602, at *3 (W.D. Wash. Aug. 18, 2016) (striking unauthenticated, unsigned, and undated spreadsheet because "[i]t [was] not apparent from the document exactly what it is, how it was obtained, who created it, when it was created, and whether it has been edited."). Second, Exhibit B-1 sets forth factual assertions and legal arguments which should have been included in the body of Plaintiff's responsive pleading. Plaintiff should not be permitted to exceed the Court's page limits in this manner.

Therefore, the Court GRANTS Defendants' Motions to Strike. Exhibit B-1 to Plaintiff's Reply to Defendants' Motions for Summary Judgment is stricken in its entirety and is not relied upon in the Court's consideration of Defendants' Motions for Summary Judgment.

### III. Plaintiff's Employment Discrimination Claims

Plaintiff asserts employment discrimination claims under Title VII, Section 1981, and WLAD on the basis of race and national origin. Plaintiff alleges he was subjected to disparate treatment because he is from Africa and because he is African American. (Dkt. No. 37 at 3.)

Absent direct evidence of discrimination, employment discrimination claims under Title VII, Section 1981, and WLAD typically are analyzed under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Plaintiff bears the initial burden of establishing a prima facie case of discrimination by showing (1) he is a member of a protected class; (2) he was qualified for his position or performing satisfactory work; (3) he suffered an

adverse employment action, and (4) similarly situated employees outside the protected class were treated more favorably, or other circumstances surrounding the adverse action give rise to an inference of discrimination. Hawn v. Exec. Jet Mgmt., Inc., 615 F.3d 1151, 1155-56 (9th Cir. 2010). If Plaintiff succeeds, the burden shifts to Defendants to articulate a legitimate, non-discriminatory reason for the adverse employment action. Id. If Defendants succeed, Plaintiff must produce evidence that the articulated reason is mere pretext for unlawful discrimination. Id. This burden-shifting scheme is "designed to assure that the 'plaintiff [has] his day in court despite the unavailability of direct evidence.'" Enlow v. Salem-Keizer Yellow Cab Co., Inc., 389 F.3d 802, 812 (9th Cir. 2004) (quoting Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1985)).

Viewing the evidence in the light most favorable to Plaintiff, the Court concludes that a reasonable fact-finder could find that the incidents alleged – notably, the remarks regarding "Ebola" and "monkey butter" – give rise to an inference of discrimination based on race and national origin. Similarly, a reasonable fact-finder could find that Plaintiff's termination was related to the discrimination, and that Defendants' alternative explanation is pretext.

Therefore, summary judgment as to the employment discrimination claims against Defendant Sellen is DENIED.

### IV. Plaintiff's Retaliation Claims

Plaintiff asserts retaliation claims under Section 1981 and the WLAD. Retaliation under federal and state law is analyzed using the burden-shifting scheme set forth in McDonnell Douglas. See Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1105 (9th Cir. 2008) (applying burden-shifting framework to retaliation claim under Section 1981); Tyner v. State, 137 Wn. App. 545, 564 (2007) (applying burden-shifting framework to retaliation claim under WLAD). To establish a prima facie case, Plaintiff must prove (1) he engaged in statutorily

activity; (2) Defendants took an adverse employment action; and (3) there was a causal link between the protected activity and the adverse action. See Harris v. City of Seattle, 315 F. Supp. 2d 1112, 1125 (W.D. Wash. 2004) (citing Bierlein v. Byrne, 103 Wn. App. 865, 871 (2000)).

Viewing the evidence in the light most favorable to Plaintiff, the Court concludes that a reasonable fact-finder could find that the incidents alleged suggest a causal link between Plaintiff's complaints and his termination. First, Plaintiff's termination occurred in close temporal proximity to his complaints to supervisors, including Knudsen. (Dkt. No. 37 at 12-13; Dkt. No. 41 at 5.) Second, Plaintiff offered evidence of satisfactory work performance and evaluations. Plaintiff's supervisor and foreman described him during his deposition as a "great worker," "a great guy to have on the pours," and "a great guy to have around." (Dkt. No. 37 at 13.) In a claim for retaliation, an employee can establish that his employer acted with an improper motive if there is "[p]roximity in time between the adverse action and the protected activity, coupled with evidence of satisfactory work performance and supervisory evaluations." Kahn v. Salerno, 90 Wn. App. 110, 131-32 (1998) (citing Wilmot v. Kaiser Aluminum & Chem. Corp., 118 Wn.2d 46, 69 (1991)).

Furthermore, the Court concludes that a reasonable fact-finder could find that Defendants' proffered explanation for terminating Plaintiff is pretext. Defendants allege that Plaintiff was laid off due to a decline in work at his jobsite and an overall reduction in work for cement masons from 4,863 hours in November 2014 to 3,931 hours in December 2014. (Dkt. No. 34-3 at Ex. 1.) However, this reduction in hours was apparently accompanied by an overall *increase* in employment of cement masons, from 29 to 34 during this same period. (Id.) Defendants also allege that Plaintiff was laid off along with a white co-worker, but offer no details as to the co-worker's work performance or supervisory evaluations. (Dkt. No. 41 at 7.)

1    Therefore, summary judgment as to the retaliation claims against Defendant Sellen is
2    DENIED.

3    **V.     Plaintiff's Hostile Working Environment Claim**

4    Plaintiff asserts a hostile working environment claim under WLAD. Plaintiff must show (1) he suffered offensive, unwelcome conduct; (2) that is attributable to his membership in a protected class; (3) that affected the terms and conditions of his employment; and (4) that is imputable to his employer. See Loeffelholz v. Univ. of Wash., 175 Wn.2d 264, 275 (2012). Conduct may be imputed to an employer if it is the conduct of an owner, manager, partner, or corporate officer of the employer, or if management authorized, knew or should have known of the conduct and failed to take reasonably prompt and adequate corrective action. See Francom v. Costco Wholesale Corp., 98 Wn. App. 845, 853 (2000) (citation omitted).

Viewing the evidence in the light most favorable to Plaintiff, the Court concludes that a reasonable fact-finder could find that the incidents alleged by Plaintiff give rise to a hostile working environment. While "[s]imple teasing, offhand comments, and isolated incidents (unless extremely serious) are not sufficient to create an actionable claim," Reynaga v. Roseburg Forest Prods., 847 F.3d 678, 687 (9th Cir. 2017) (internal quotation marks and citation omitted), the conduct alleged by Plaintiff, viewed in the aggregate, is arguably offensive and unwelcome. See Jones v. Rabanco, Ltd., 439 F. Supp. 2d 1149, 1165 (W.D. Wash. 2006) ("In cases where several incidents occur over time, the Court must aggregate the occurrences and analyze the situation as a whole to determine if a hostile workplace existed."). Furthermore, the Court concludes that a reasonable fact-finder could find that the alleged discriminatory conduct can be imputed to Defendants, as Plaintiff reported several of these incidents to management and human resources, while others (including the "Ebola" remark) occurred in the presence of, or were carried out by, supervisors and foremen. (Dkt. No. 37 at 4-7, 9-13.)

1 | Therefore, summary judgment as to the hostile working environment claims against Defendant Sellen is DENIED.

### VI. Plaintiff's Claims Against Harkess and Knudsen

Plaintiff asserts employment discrimination, retaliation, and hostile work environment claims under WLAD against Defendants Harkess and Knudsen individually. (See Dkt. No. 17.) To hold supervisors individually liable, Plaintiff must show either that they themselves affirmatively engaged in discriminatory conduct, or that they aided, abetted, encouraged, or incited others in unfair practices. Brown v. Scott Paper Worldwide Co., 143 Wn.2d 349, 360 (2001). "Mere knowledge of harassing or discriminatory behavior is not sufficient to create liability for aiding and abetting . . . What is required is proof that the defendant has engaged in actions for the purpose of encouraging or assisting another to discriminate." Yousefi v. Delta Elec. Motors, Inc., No. C13-1632RSL, 2014 WL 4384068, at *3 (W.D. Wash. Sept. 4, 2014) (citing Rody v. Hollis, 81 Wn.2d 88, 94-95 (1972)). Where a claim against an individual supervisor is premised on alleged failure to prevent or correct discrimination, Plaintiff must show that the individual "treated him less favorably than others because of his protected characteristics, not simply by accident or through a lack of care." Id. (citing Hegwine v. Longview Fibre Co., Inc., 162 Wn.2d 340, 354 n.7 (2007)). Stated otherwise, a supervisor's alleged failure to adequately investigate complaints of discrimination cannot give rise to liability without specific evidence of discriminatory intent. Id.

Viewing the evidence in the light most favorable to Plaintiff, the Court concludes that a reasonable fact-finder could not find that the incidents alleged by Plaintiff support his claims against Harkess or Knudsen, and thus these claims fail as a matter of law. Plaintiff has not shown that either supervisor affirmatively engaged in discrimination or intentionally failed to adequately investigate his complaints. The "Ebola" and "monkey butter" remarks did not occur

1 | in the presence of, were not witnessed by, and were not reported to Harkess or Knudsen. (See Dkt. No. 37 at 4-5.) Furthermore, Plaintiff does not substantively address the arguments or factual assertions made by Harkess or Knudsen. (See id.).

Therefore, summary judgment as to all claims against Defendants Harkess and Knudsen is GRANTED.

## Conclusion

The Court GRANTS Defendants' Motions to Strike (Dkt. Nos. 32, 35) Plaintiffs' Exhibit B-1 because it is unauthenticated and unsigned and does not comply with the rules regarding summary judgment briefing. The Court DENIES Defendant Sellen's Motion for Summary Judgment (Dkt. No. 32) as to all claims because Plaintiff has provided just enough evidence to allow a reasonable fact-finder to find in his favor and to foreclose summary judgment on this basis. The Court GRANTS Defendants Kate Harkess and Ken Knudsen's Motion for Summary Judgment (Dkt. No. 35) as to all claims because Plaintiff has failed to present specific evidence of discriminatory intent on the part of these individuals. This case will proceed to trial on all claims against Defendant Sellen.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 14, 2017.

Marsha J. Pechman
United States District Judge