|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| ERIC KITAZI,<br><br>                    Plaintiff,<br><br>        v.<br><br>SELLEN CONSTRUCTION COMPANY, INC. a corporation; ROBERT P. MCCLESKY director, in his individual and corporate capacities and on behalf of his marital community, JANE DOE MCCLESKY; KATE HARKESS, individually and in her official capacity; and KEN KNUDSEN, individually and in his official supervisory capacities,<br><br>                    Defendants. | CASE NO. C16-1651-MJP<br><br>ORDER GRANTING DEFENDANTS' MOTIONS IN LIMINE | |

THIS MATTER comes before the Court on Defendants' Amended Motions in Limine (Dkt. Nos. 59-1, 64). Having reviewed the Motion, the Response (Dkt. No. 49), and all related papers, the Court GRANTS Defendants' Motions in Limine.

**I.  Motion in Limine No. 1: Photographs of Sellen Workers**

Plaintiff seeks to introduce a photograph showing a group of Sellen employees, taken at a jobsite and posted to the company's social media account. (Dkt. No. 59-1 at 2.) Plaintiff contends that the photograph depicts a "representative group" of Sellen employees and "has probative value as to the racial composition of the workforce." (Dkt. No. 49 at 2.) Defendant responds that the photograph shows "nothing more than a random sampling of workers who happened to be on a jobsite at a particular time," and that even reliable evidence of the racial demographics of the company's workforce is irrelevant because Plaintiff does not allege discriminatory patterns or practices or a generally discriminatory culture." (Dkt. No. 59-1 at 2.)

The Court finds that the photograph is neither reliable evidence of Sellen's employee demographics, nor relevant to the claims and defenses asserted in the litigation. The Court GRANTS Defendants' Motion in Limine No. 1.

**II.  Motion in Limine No. 2: Newspaper Articles**

Plaintiff seeks to introduce various newspaper articles discussing the company's operations. (Dkt. No. 59-1 at 3; Dkt. Nos. 64-1–64-6.) Plaintiff contends the articles are relevant to the reasons for his termination, and that at least one includes admissions by a party-opponent. (Dkt. No. 49 at 3-4.) Defendant responds that the articles are irrelevant and inadmissible hearsay, and are not the best evidence of the workload for cement masons at the time of Plaintiff's dismissal. (Dkt. No. 59-1 at 3.)

The Court finds that the articles describing various Sellen projects (Dkt. Nos. 64-2–64-6) are inadmissible hearsay. The Court finds that the article in which Sellen President Scott Redman describes potential labor shortages for construction workers, including cement masons (Dkt. No. 64-6), is neither an admission of a party-opponent, nor relevant to the claims and defenses asserted in the litigation. Plaintiff was terminated in November 2014, but the article

was not published until April 30, 2015, and merely predicts a potential labor shortage at some time "this year." (Id.; see also Dkt. No. 37 at 13.) Therefore, the Court GRANTS Defendants' Motion in Limine No. 2.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 7, 2017.

                                        Marsha J. Pechman
                                        United States District Judge