UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC KITAZI,<br><br>              Plaintiff,<br><br>    v.<br><br>SELLEN CONSTRUCTION COMPANY INC, a corporation; ROBERT P. McCLESKEY, Director in his individual and corporate capacities and on behalf of his marital community with JANE DOE McCLESKEY,<br><br>              Defendants. | CASE NO. C16-1651-MJP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR REMITTITUR |

THIS MATTER comes before the Court on Defendant's Motion for remittitur pursuant to Fed. R. Civ. P. 59. (Dkt. No. 86.) Having considered the Motion, the Response (Dkt. No. 97), the Reply (Dkt. No. 96) and all related papers, the Court DENIES the Motion. The Court declines to hear oral argument on this matter.

**Background**

Plaintiff Eric Kitazi filed this action against Defendant Sellen Construction Company, Inc. ("Sellen") for employment discrimination. Plaintiff was born and raised in Kenya, and

1  immigrated to the United States in 1999.  Plaintiff alleged that, during his employment with

2  Sellen, he was harassed and discriminated against on the basis of his race and national origin.  In

3  particular, Plaintiff alleged that he was repeatedly followed, stared at, regarded with suspicion,

4  and subjected to demeaning comments on jobsites, including in the presence of foremen, leads,

5  and supervisors.  Plaintiff testified that in September 2014, shortly after the outbreak of the

6  Ebola virus in West Africa, a worker yelled "Ebola!" in his presence, inciting laughter from

7  others.  (Dkt. No. 94 at 29-30.)  Plaintiff testified that on another occasion, a worker referred to

8  him as "monkey butter," a term he understood to be racially derogatory.  (Id. at 25-26.)  In

9  November 2014, shortly after he reported concerns about his treatment to management, Plaintiff

10  was laid off.  (Id. at 39.)

11      At trial, Plaintiff described the effect that the discrimination had on him.  He testified, "I

12  thought I was going crazy," "I thought I was going out of control," and "I could not relate to

13  what my mind was doing and what I was experiencing."  (Id. at 41.)  Plaintiff explained that he

14  dealt with these experiences through meditation, and that he "chose to be patient, to persevere"

15  instead of "being bitter and angry and going out of control."  (Id.)  Nevertheless, Plaintiff

16  explained he was still not completely over the experience, and still gets flashbacks each day

17  when he drives past construction sites.  (Id. at 42.)  Specifically, Plaintiff testified, "[w]hen I

18  drive through construction sites, I see myself there. . . . I see myself physically there. . . . I see the

19  name-calling, being made fun of.  All those things always come back.  Even with meditation,

20  they always come back."  (Id.)  Plaintiff did not seek economic damages, but requested non-

21  economic damages for emotional distress, humiliation, and other intangible harms.

22      After a four-day jury trial in December 2017, the jury found in Plaintiff's favor on his

23  hostile work environment and retaliation claims and awarded non-economic damages in the

24

amount of $500,000 for emotional distress. (Dkt. No. 81.) Defendant now moves for remittitur of the jury's award. (Dkt. No. 86.)

**Discussion**

Defendant contends that the jury's award of $500,000 should be reduced because it is excessive and unsupported by the evidence presented at trial. (Dkt. No. 86 at 3.) In particular, Defendant contends that Plaintiff's testimony was the sole evidence presented to the jury concerning his emotional distress, and that Plaintiff neither identified physical symptoms nor sought medical treatment related to the emotional distress. (Id. at 3-4.)

A jury's award of damages is entitled to great deference, and should generally be upheld unless (1) the amount is grossly excessive or monstrous; (2) the evidence clearly does not support the award; or (3) the award could only have been based on speculation or guesswork. Blanton v. Mobil Oil Corp., 721 F.2d 1207, 1216 (9th Cir. 1983) (citations omitted); In re First Alliance Mortgage Co., 471 F.3d 977, 1001 (9th Cir. 2006). The Ninth Circuit does not require objective evidence of emotional distress, and has repeatedly held that a plaintiff's testimony alone is enough to support a jury's award of emotional distress damages. See Zhang v. Am. Gem. Seafoods, Inc., 339 F.3d 1020, 1040-41 (9th Cir. 2003); Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 513 (9th Cir. 2000); see also Bunch v. King County Dept. of Youth Servs., 155 Wn.2d 165, 181 (2005) (en banc) ("[E]vidence of anguish and distress . . . can be proved by the plaintiff's own testimony. . . . Corroborative evidence is certainly helpful, but it is for the jury to weigh the credibility of the witness and determine if he in fact suffered mental anguish.")

The Court concludes that the jury's damages award is neither unsupported by evidence, nor excessive. While Defendant suggests that Plaintiff failed to offer "corroborating testimony,"

such testimony clearly is not required.  See Zhang, 339 F.3d at 1040-41; Passantino, 212 F.3d at 513; Bunch, 155 Wn.2d at 181.  This is particularly true in a case for employment discrimination based on national origin, where a plaintiff's friends and family may be abroad, and corroborating testimony and evidence difficult to come by.  Second, contrary to Defendant's claim that the discrimination Plaintiff suffered "has had no considerable impact on his life" (Dkt. No. 97 at 4), Plaintiff testified that he suffers from daily flashbacks.  (Dkt. No. 96-1 at 14.)  Emotional distress need not be "severe" to support a jury's award for emotional damages, and the jury "obviously could have gleaned that he was greatly hurt and humiliated." Zhang, 339 F.3d at 1040; see also Passantino, 212 F.3d at 513 ("Washington law contains no severity requirement as a precondition to awarding compensatory damages.").

    Having found that the jury's damages award was not improper, the Court DENIES Defendant's Motion.

    The clerk is ordered to provide copies of this order to all counsel.

    Dated January 30, 2018.

Marsha J. Pechman
United States District Judge